FARMING CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 1387.  Promulgated May 16, 1928.

*William Ritchie, Jr., Esq.*, for the petitioner.
*Philip M. Clark, Esq.*, for the respondent.

1414

### OPINION.

LANSDON: The petitioner asserts and the respondent admits that on or about March 1, 1919, it paid the amount of $5,000 to one William Ritchie, Jr., as consideration for a three-year contract of employment beginning at such date. During the entire term of the contract Ritchie acted as operating manager of the petitioner and rendered services as set forth in our findings of fact. The petitioner contends that such payment was for services as rendered and that as 80 per cent of the work under the contract was done within the taxable year it was entitled to deduct 80 per cent of the payment or $4,000 from its income in its income and profits-tax return for such year as an ordinary and necessary business expense. Upon audit of the petitioner's return for 1919 the Commissioner disallowed the deduction of $4,000 claimed as above stated, prorated the entire amount paid to Ritchie ratably over the life of the contract and allowed a deduction from the petitioner's gross income for the year 1919 in the amount of $1,250 on the basis of the time elapsed between March 1 and December 31 of such year. In his answer to the petition of the taxpayer, the respondent says that "such allocation has been made on the statement of the taxpayer that the $5,000 paid to Mr. Ritchie in advance was compensation for services to be performed over a period of three years."

There is no dispute over the facts involved in this controversy. The parties agree that the payment made was in the amount of $5,000 and therefore the value of the stock at date of payment is not at issue. We are asked to decide only as to the proper method of allocating and distributing the payment for services over the term of the contract of employment. We believe this point is controlled by the case of *Gallatoire Brothers* v. *Lines*, 11 Fed. (2d) 878, and by our own

opinion in *Appeal of J. Alland & Bros., Inc.*, 1 B. T. A. 631, and therefore approve the action of the Commissioner in refusing to allow a deduction of more than $1,250 from the income of the petitioner for the taxable year as an ordinary and necessary business expense incurred and paid within such year.

The only evidence adduced by the petitioner in support of its second contention is the testimony of Ritchie that there was no market for the second mortgages except at a discount of at least 25 per cent from face value. Against this is the fact that in the taxable year or the first year subsequent thereto the petitioner applied such second mortgages, without discount, to a part payment of the balance of the purchase money that it owed on the lands involved in the transactions. We conclude, therefore, that these mortgages were worth their face value to the petitioner when received and approve the determination of the respondent on this point.

Reviewed by the Board.

*Judgment will be entered for the respondent.*

STERNHAGEN: Ritchie, who signed the petition as president, organized this corporation in 1919, and for this and further services in the conduct of its business for three years, he was to receive $5,000 par value of its stock. The remaining issued or outstanding stock does not appear. I can not agree that the corporation either paid or incurred an ordinary and necessary expense in any amount by issuing its stock. It paid out nothing and incurred no obligation to pay. It created a new interest in its assets and business, and this did not affect its income any more than the possibility of dividends or liquidating distributions ever do.

LITTLETON, SMITH, TRAMMELL, ARUNDELL, and MURDOCK concur in the above.